UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THOMAS K. ROBERTS,
    Plaintiff,

v.                                                                  Case No.:

GILBERT FLOORING INC. dba
CARPET ONE FLOOR & HOME,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Thomas K. Roberts, by and through his undersigned counsel, and sue the Defendant, Gilbert Flooring, Inc. dba Carpet One & Flooring, and allege as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") and other causes of actions to recover unpaid back wages, an additional equal amount as liquidated damages, pre-judgment interest, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216 and 28 USC §1331. Supplemental jurisdiction of Plaintiff's state law claims is conferred by 28 U.S.C. §1367, as Plaintiff's state and federal claims arise out of a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1331(b) as the events or omissions having rise to the claims alleged herein occurred in the Middle District of Florida, Ocala, Division.

**PARTIES**

4. At all times material hereto, Plaintiff, Thomas K. Robert was, and continues to be a resident of Citrus County, Florida.

5. At all times material hereto Defendant Gilbert Flooring, Inc. dba Carpet One & Flooring, was, and continues to be a Florida corporation in the retail business. Further, at all times material hereto, Defendant Gilbert Flooring, Inc. dba Carpet One & Flooring, was, and continues to be, engaged in business in Marion County, Florida.

6. At all times material hereto, Defendant was and continues to be, "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7 At all times material hereto, Plaintiff is an "employee" of Defendant within the meaning of FLSA.

8. At all times material hereto, Plaintiff was covered, non-exempt employees of Defendant within the meaning of the FLSA, 29 U.S.C. §203(e).

9. At all times material hereto, Defendant was an "employer" within the meaning of FLSA, 29 U.S.C. §203(a) and (d).

10. At all times material hereto, Defendant was, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA. Based upon information and belief, the annual gross revenue of Defendant, Gilbert Flooring, Inc. dba Carpet One & Flooring, was in excess of $500,000.00 per annum during the relevant time periods.

11. The work performed by the Plaintiff was directly essential to the business performed by Defendant.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived. On or about November 25, 2019, Plaintiff provided Defendant with written notice of the violations including misclassification as an exempted employee, being required work pre-and post- shift, and working late hours which was not properly compensated

## STATEMENT OF FACTS

13. In or about January 2019, Plaintiff, Thomas K. Roberts, was hired by Defendant as a kitchen designer/indoor flooring sale. Plaintiff's duties primarily involved design and retail of flooring in Defendant's store, and general retail activities to Defendant's customers.

14. Plaintiff worked for Defendant as "non-exempt" employee under the FLSA but was paid a salary rate of $576.92 weekly.

15. Additionally, Plaintiff worked for Defendant but did not receive pay at the rate of at least one and one-half times for all his regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

16. All records concerning the number of hours actually worked by Plaintiff, and others similarly situated, are in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due them.

17. Plaintiff, however, will exert his collective diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if

required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff and others similarly situated.

18. Defendant's agent(s) would require set times to be placed on Plaintiff's timecards that reflected different hours than what was actually performed by Plaintiff.

19. Plaintiff has retained the undersigned attorney and is obligated to pay undersigned a reasonable fee for her services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## **OVERTIME COMPENSATION**

20. Plaintiff re-alleges and reavers paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. From at least January 2019, and continuing through on or about July 2019, Plaintiffs worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

22. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

23. At all times material hereto, Defendant failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

24. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

25. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered

and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

26. Defendant's agent(s) intentionally altered Plaintiff's time records, called Plaintiff to work unscheduled shifts, and/ or refused to permit Plaintiff to document her all of work hours to reflect improperly all hours worked by Plaintiff for Defendant.

27. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

28. Plaintiff, by and through counsel, communicated in writing to Defendant and demanded proper compensation of overtime from Defendant prior to commencing this case with no success.

WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor against Defendant:

    a. Declaring the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due them for Plaintiffs' time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees, post judgment interest, and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);and

    e. Ordering any other further relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Thomas K. Roberts demands trial by jury of all issues triable as of right by a jury.

DATED this 14th day of April 2020.

Respectfully submitted,

**RIGGINS LAW FIRM, P.A.**
/s/Danialle Riggins, Esq.
**DANIALLE RIGGINS, ESQ.**
Florida Bar No. 0013909
211 NW Third Street
Ocala, Florida 34471
(352) 433-2400 – Office
(352) 390-6435- Fax
Driggins@Rigginslawfirm.com
Attorney for Plaintiff