**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**THOMAS K ROBERTS,**

     **Plaintiff,**

**v.**                                   **Case No: 5:20-cv-150-Oc-30PRL**

**GILBERT FLOORING INC.,**

     **Defendant.**

_____

**ORDER**

In this action pursuant to the Fair Labor Standards Act, Defendant has moved for an order to show cause as to why Plaintiff should not be in contempt of court for failing to appear for his deposition on November 18, 2020. (Doc. 22). Plaintiff has responded in opposition to Defendant's request.

Defendant contends that, following Plaintiff being properly served notice for his deposition scheduled for November 18, 2020 at 10:00 a.m., Plaintiff failed to appear. At 11:00 a.m., the court reporter issued a notice of non-appearance. Defendant asks the Court to enter an order to show cause why Plaintiff should not be held in contempt. Defendant's motion also contains a general plea for Plaintiff to pay Defendant's court reporter costs, attorney's fees, and any such further relief as the Court deems proper.

In response, Plaintiff states that, despite being prepared by counsel and reminded of his deposition two days prior, Plaintiff became "confused" about the time of his deposition. Plaintiff maintains that the confusion was created by the fact that two depositions were noticed for the same day: Plaintiff's deposition at 10:00 a.m. and a second deposition at 1:30 p.m. Plaintiff states that he mistakenly thought his deposition was to begin at 1:30 p.m. and, when counsel called him in

advance of the 10:00 a.m. start time, he was in Ingles, Florida, for a personal matter. Counsel then notified Defendant that Plaintiff was running late. Meanwhile, however, Plaintiff "failed to advise [] counsel that he was not properly dressed for the Zoom deposition and traveled back to his home before making his way to the undersigned's office for the deposition." (Doc. 23). When Plaintiff finally arrived at 11:08 a.m., the certificate of non-appearance had already been issued.

Plaintiff contends that he acted in good faith to appear, although he was untimely. Plaintiff also contends that there was no prejudice to Defendant, and that discovery is open until May 21, 2021. Plaintiff asks the Court to consider his conduct an excusable "blunder," citing *Mommaerts v. Hartford Life and Acc. Ins*., 472 F. 3d 967, 968 (7th Cir. 2007).

Upon due consideration, the Court agrees that Plaintiff's delay in appearing for his deposition, while regrettable, is excusable under the circumstances. Accordingly, Defendant's motion (Doc. 22) is due to be DENIED. Further, while Defendant's motion contains a general plea for Plaintiff to pay for Defendant's court reporter costs and attorney's fees, Defendant has not expressly sought sanctions or expenses under Rule 30(d) or Rule 37 of the Federal Rules of Civil Procedure, has not stated any specific request for relief, and it is unclear whether such expenses would be warranted under these circumstances. Nonetheless, prior to filing any future motion for expenses related to Plaintiff's delayed appearance on November 18, 2020, the parties shall confer either **in person or via telephone** in an attempt to satisfy both the letter and spirit of Rule 3.01(g) regarding what is fair and equitable under the circumstances.

**DONE** and **ORDERED** in Ocala, Florida on December 15, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

- 2 -

Copies furnished to:

Counsel of Record
Unrepresented Parties